IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DORIS MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12cv641-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Doris McCall, applied for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 7); Def.'s Consent to Jurisdiction (Doc. 8).  Based on the court's review of the record and the briefs of the parties, the court REMANDS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.     ADMINISTRATIVE PROCEEDINGS**

Plaintiff was fifty years old at the time of the hearing before the ALJ and had a limited education.  Tr. 34.  Plaintiff's past relevant work was as a "packer," "cook," and "janitor."  *Id*.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 14, 2008, the alleged onset date."  (Step 1) Tr. 27.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "degenerative disc disease; history of asthma; osteoarthritis; and history of schizophrenia with no current treatment or symptoms."  *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (Step 3) Tr. 28.  Next, the ALJ found that Plaintiff has the RFC to perform light work, but she could only have occasional contact with the general public  Tr. 29.  The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 34.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  *Id*.  The ALJ identified the following occupations as examples: "gate tender," "production inspector," and "shirt presser."  Tr. 24.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from November 14, 2008, through the date of the decision."  Tr. 35.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to apply the proper legal standards in addressing [Plaintiff's] subjective complaints of debilitating pain"; and (2) whether the Commissioner properly evaluated Plaintiff's deficiencies in intellectual functioning. Pl.'s Br. (Doc. 12) at 5. Because the ALJ committed reversible error with regard two issue two, which requires a remand for additional consideration, the court will decline to review issue one.

## V. DISCUSSION

At the center of the second issue presented by Plaintiff is the opinion rendered by Dr. King in 1991, wherein he diagnosed Plaintiff with "schizophrenia, undifferentiated, chronic and severe mental retardation." *See* Tr. 30. In his opinion, the ALJ makes mention of the diagnosis, but nothing more. In fact not only does the ALJ make only one passing mention of the diagnosis, he makes no further references to mental retardation. While the ALJ does discuss the examination of Plaintiff by a consultative examiner, an osteopathic physician, the examiner diagnosed Plaintiff with schizophrenia by report, but performed no intelligence testing. Another consultative physician opined there was insufficient evidence to determine mental impairment and the opinions of two other consultative physicians, both of whom were rejected by the ALJ, were that Plaintiff had no medically determinable impairments. Tr. 31.


Plaintiff argues that it was error for the ALJ to fail to discuss or consider the severe mental retardation and whether it met section 12.05(B) of the Listings. Pl.'s Br. (Doc. 12) at 12. The Commissioner concedes that the ALJ "acknowledged Plaintiff's 1991 IQ score and that she had been assessed with severe mental retardation" and "acknowledged that Plaintiff had another severe impairment." Def.'s Br. (Doc. 15) at 8-9. The Commissioner then invites the court to "infer that the ALJ, in finding that Plaintiff's impairments did not meet the requirements of the Listings, concluded that Plaintiff had a valid IQ score that met the requirements of sections 12.05B and 12.05C of the Listings, and another impairment that met the requirements of section 12.05C of the Listings." *Id*. at 9. The Commissioner further invites the court to assume then, that because the ALJ did not make the finding that Plaintiff me the Listing, it must be because the ALJ found that Plaintiff had not satisfied the introductory paragraph of 12.05. Thus, in order to affirm the ALJ's decision, the court must assume (1) the ALJ did undertake an analysis of Plaintiff's mental impairments under Listing 12.05; (2) the ALJ found that Plaintiff had a valid IQ that met the listings;[5] and that (3) the reason the ALJ did not award benefits was based on his finding that Plaintiff was unable to show deficits in adaptive functioning manifested prior to age 22. Then, after making all of those assumptions, the court is to review the ALJ's supposed findings for substantial evidence.

---

[5] The importance of this finding cannot be overstated where it is "critical that an ALJ specifically address and resolve the validity of an I.Q. score; if the I.Q. score is valid and meets or equals the criteria of a listed impairment, the ALJ can go no further." *Thomas v. Barnhart*, 2004 WL 3366150, *2 (11th Cir. 2004).

7

The court will decline the Commissioner's invitation.  Instead, the court finds it appropriate to remand the case back to the Commission for a full and reviewable decision which explains why, after finding that "Plaintiff had a valid IQ score that met the requirements of sections 12.05B and 12.05C of the Listings, and another impairment that met the requirements of section 12.05C of the Listings," Plaintiff did not meet a Listing.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case REMANDED.  A separate judgment will issue.

Done this 20th day of December, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE